MICHAEL L. MALLOW (SBN 188745)
mmallow@loeb.com
KAREN R. THORLAND (SBN 172092)
kthorland@loeb.com
RACHEL A. RAPPAPORT (SBN 268836)
rrappaport@loeb.com
DEREK K. ISHIKAWA (SBN 270275)
dishikawa@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone: 310-282-2000
Facsimile: 310-282-2200

Attorneys for Defendants
TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR CORPORATION and TOYOTA MOTOR NORTH AMERICA, INC.

MICHAEL M. GOLDBERG (SBN 188669)
mmgoldberg@glancylaw.com
MARC L. GODINO (SBN 182689)
mgodino@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160

Proposed Liaision Counsel for Plaintiffs

(*Additional Plaintiffs' Counsel on Signature Page*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISIONMICHAEL CHOI, Individually and on Behalf of Others Similarly Situated,

Plaintiff,

vs.

TOYOTA MOTOR SALES, U.S.A., INC., a California corporation; TOYOTA MOTOR CORPORATION, a foreign corporation,

Defendants.

Case No. 8:10-CV-00154-CJC-RNBx

Assigned to Hon. Cormac J. Carney

**JOINT CASE MANAGEMENT STIPULATION**

| | |
|---|---|
| ALEXSANDRA DEL REAL, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES, USA, INC., and TOYOTA MOTOR CORPORATION,<br><br>Defendants. | Case No. 8:10-cv-00173-CJC-(RNBx) |
| JESSICA M. KRAMER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION, a foreign corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation; TOYOTA MOTOR NORTH AMERICA, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:10-CV-1154-CJC-RNBx |
| LU LI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR SALES U.S.A., INC., a California corporation, TOYOTA MOTOR CORPORATION, DOES 1 through 500 inclusive,<br><br>Defendants. | Case No. 2:10-cv-01248-CJC (RNBx) |

The parties to the above-captioned actions (the "Toyota 2010 Prius/Lexus Hybrid Brake Class Actions") jointly submit this Case Management Stipulation regarding the initial stages of this litigation, and request that the Court adopt it as the Case Management Order in the *Toyota 2010 Prius/Lexus Hybrid Brake Class Actions*. A [Proposed] Joint Case Management Order is attached hereto as Exhibit A.

## I. DESCRIPTION OF THE CASES

On February 4, 2010, the National Highway Traffic Safety Administration (NHTSA") announced it was opening a formal preliminary investigation of the Toyota Prius Hybrid model year 2010 concerning allegations of momentary loss of braking capability while traveling over uneven road surfaces, potholes or bumps. The announcement by NHTSA followed a similar announcement by the Japanese Ministry of Transport. Defendants allege that NHTSA closed its preliminary investigation on July 12, 2010.

On February 8, 2010, Toyota announced it would conduct a worldwide voluntary recall which included approximately 133,000 2010 model year Prius vehicles and 14,500 Lexus 2010 HS250h vehicles in the United States, to update software in the vehicles anti-lock braking system ("ABS") (the "2010 Prius/HS Alleged Brake Issue"). Shortly thereafter, Toyota mailed letters to 2010 Prius and Lexus HS250h owners to inform them of the voluntary recall and request that they schedule an appointment with a Toyota or Lexus dealer so that they can perform a software update to the ABS Control Unit at no charge to the vehicle owner.

Also, on February 8, 2010, the same day Toyota announced the voluntary recall, *Choi v. Toyota Motor Sales, U.S.A. Inc., et al.*, No. 8:10-CV-00154 (the "*Choi* Action") was filed in this Court. Over the following few weeks, *Del Real v. Toyota Motor Sales, U.S.A., Inc,. et al.,* No. 8:10-CV-00173 (the "*Del Real* Action"); *Kramer v. Toyota Motor Sales U.S.A,. Inc.*, *et al.*, No. 2:10-CV-01154 (the "*Kramer* Action") and *Li v. Toyota Motor Sales, U.S.A*., Inc., 2:10-cv-01248 (the

"*Li* Action") were filed in this Court which included claims regarding the 2010 Prius/HS250h Alleged Brake Issue.

## II. PROCEDURAL HISTORY

Although the Toyota 2010 Prius/Lexus Hybrid Brake Class Actions were initially assigned to four different Central District judges, the Honorable A. Howard Matz transferred all of the Toyota 2010 Prius/Lexus Hybrid Brake Class Actions to his calendar.

On April 9, 2010, the Judicial Panel for Multidistrict Litigation ("JPML") issued a Transfer Order in *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation* (the "Toyota UA MDL"), pursuant to which the JPML transferred certain actions to the Honorable James V. Selna of the Central District of California.

On April 14, 2010, the Clerk of the Court issued a "Notice of Reassignment of Case" in each of the Toyota 2010 Prius/Lexus Hybrid Brake Class Actions, reassigning and transferring them from Judge Matz to Judge Selna.

On April 15, 2010, Plaintiffs Kramer, Choi and Del Real filed a Motion for Transfer of Actions to the Central District of California Pursuant to 28 U.S.C. § 1407 for Coordinated Pretrial Proceedings ("Motion for Coordination"). The Motion requested that the JPML transfer for coordination eight actions related to the braking system in certain Toyota and Lexus hybrid vehicles to this Court. The Motion for Coordination has been fully briefed and a hearing is scheduled for July 29, 2010.

The next day, Judge Selna issued an Order in the Toyota UA MDL inviting any party whose case did not involve allegations of sudden unintended acceleration to file an application for remand. The *Choi*, *Kramer* and *Del Real* plaintiffs responded to Judge Selna's April 16 Order by filing an application for remand.

On April 30, 2010, Judge Selna issued an Order remanding *Choi* to this Court, to whom this action was originally assigned. This Court has since

transferred the other Toyota 2010 Prius/Lexus Hybrid Brake Class Actions to its calendar.

On May 26, 2010, the Court ordered the parties to appear for a Status Conference on June 21, 2010. During the Status Conference, the Court directed the parties to submit a joint proposed Case Management Order by July 26, 2010.

**III.   OVERVIEW OF PLAINTIFFS' CLAIMS**

Plaintiffs allege that Defendants manufactured and sold vehicles containing a dangerous condition and failed to adequately investigate claims of loss of braking capability. Defendants represented that the vehicles were defect free, when in fact Defendants were aware, or should have been aware, that the braking system had an inherent defect that materially impacted their safety. Plaintiffs allege that Defendants breached their express warranty and implied warranty of merchantability by manufacturing and selling vehicles containing an unreasonably dangerous condition and further breached the implied warranty of fitness because the vehicles contained an unreasonably dangerous condition and were not suitable for providing safe transportation.

Plaintiff seeks damages suffered by the Class as a result of Toyota's conduct, including but not limited to: (i) loss of use of the vehicles; (ii) reimbursement of out of pocket costs for, among other things, alternative transportation, prior repairs to address ABS problems; (iii) diminution in resale value of the vehicles; and (iv) an increased risk of physical harm. Plaintiff also seeks injunctive relief including but not limited to an extension of warranty coverage covering components of the ABS system.

**IV.   BROAD OVERVIEW OF TOYOTA'S DEFENSES**

Subject to any additional claims alleged in the consolidated class action complaint, following is a broad overview of Toyota's defenses:

- The Alleged 2010 Prius/HS250h Brake Issue is a drivability or feel issue and Plaintiffs have not alleged that the Alleged 2010

      Prius/HS250h Brake Issue made their vehicles incapable of stopping or properly slowing down within applicable regulatory distances.

- Even if there was a defect with the braking system in Plaintiffs' vehicles, which there was not, the recall, along with a running production change in January 2010 to implement the software update in vehicles manufactured after that time, moots Plaintiffs' claims or leaves them without standing to assert their claims.

- Neither the named Plaintiffs, nor any of the putative class members, are entitled to damages related to the Alleged 2010 Prius/HS250h Brake Issue because they have received the benefit of their bargain. The warranty applicable to Plaintiffs' vehicles provides that Toyota will make any "repairs and adjustments needed to correct defects in materials or workmanship." The warranty further provides that the "performance of necessary repairs and adjustments is the exclusive remedy." The Alleged 2010 Prius/HS250h Brake Issue was addressed by the software update at no charge to Plaintiffs. Thus, even if there was a defect with the braking system, which there was not, it has been remedied without any cost to Plaintiffs (assuming they tendered their car to a dealership for the software update).

## V. PLEADINGS

Plaintiffs shall serve on Defendants, but not file, a draft of their consolidated class action complaint within sixty (60) days of the final transfer of the related actions to this Court which were the subject of the Motion for Coordination. Thirty days after serving their consolidated class action complaint, Plaintiffs shall file their complaint. During this 30 day-period, the parties shall meet and confer on Defendants' possible challenges to the consolidated class action complaint in an attempt to eliminate the need for unnecessary motion practice.

Defendants shall respond to Plaintiffs' consolidated class action complaint no later than thirty (30) days after filing of the consolidated class action complaint. Plaintiffs shall file their brief in opposition to any motion filed by Defendants no later than thirty (30) days after filing of Defendants' motion. Defendants shall file their reply to Plaintiffs' opposition to Defendants' motion no later than fourteen (14) days after filing of Plaintiffs' opposition.

## VI. THRESHOLD LEGAL ISSUES

Within fourteen (14) days of the filing of the consolidated class action complaint, the parties will submit to the Court any legal issues they believe if decided by the Court at the early stages of litigation may simplify these cases, focus discovery or promote resolution.

## VII. PROTECTIVE ORDER

The Defendants will provide a draft "Stipulation and [Proposed] Protective Order" to Plaintiffs. The parties will attempt to resolve all outstanding issues relating to the proposed protective order and intend to seek the Court's guidance on any issues they are unable to resolve through the meet and confer process at that time.

## VIII. DISCOVERY

1. **Coordination of Discovery**: The parties shall take all reasonable efforts to coordinate discovery in this action with any other pending or future litigation involving the Alleged 2010 Prius/HS250h Brake Issue, including the consolidated *Miller v. Toyota Motor Sales U.S.A., Inc. et al.,* No. BC 431344 and *Bialuski v. Toyota Motor Sales U.S.A., Inc.,* No. BC 432516 Actions, both filed in the California Superior Court, County of Los Angeles (the Honorable Anthony J. Mohr presiding), and any cases related to an alleged brake defect in other Toyota hybrid vehicles, including *Creighton, et al. v. Toyota Motor Corporation, et al.*, No. 2:10-CV10-00946.

2. **Discovery Referee**: The parties believe that they will be able to address discovery without the need for a referee, but request that the Court allow the parties to revisit the appointment of a referee should the need arise.

3. **Initial Disclosures**: The Parties shall provide their Initial Disclosures pursuant to *Federal Rule of Civil Procedure* 26(a)(1) no later than thirty (30) days after the consolidated class action complaint has been filed.

4. **Informal Discovery**: On their own initiative, Defendants commenced the process of identifying and collecting certain categories of documents they believe may be subject to production during the course of this litigation. To facilitate the discovery process, Plaintiffs will provide Defendants with a list of informal discovery topics. The parties will meet and confer in good faith on Plaintiffs' informal discovery topics within 14 days of Plaintiffs providing the list of informal discovery topics to Defendants.

The parties have agreed that Defendants will produce any documents that were produced to the National Highway Transportation Safety Administration ("NHTSA") regarding the Alleged 2010 Prius/HS250h Brake Issue, which are not publicly available on NHTSA's website, within 45 days of the Court ordering this Joint Case Management Stipulation.

5. **Electronically Stored Information** ("ESI")

The parties have conferred and agreed that ESI will be produced in an appropriate electronic form to be agreed upon by the parties after further consultation regarding the specific nature of the various types of ESI to be produced. The parties have agreed to explore the possibility of establishing a repository for ESI documents produced in the Toyota 2010 Prius/Lexus Hybrid Brake Class Actions.

6. **Discovery Plan:**

   a. **Document Production**: The parties shall exchange formal requests for the production of documents regarding Class Discovery material no later than sixty (60) days after filing of the consolidated complaint.

   Unless, otherwise agreed, both parties shall have at least thirty (30) days to respond to discovery requests and sixty (60) days to produce responsive documents.

   b. **Depositions**: All Discovery depositions will take place on at least thirty (30) days notice, except any deposition of a TMC representative will take place on at least ninety (90) days notice or if otherwise noted. Unless the parties agree otherwise, each side shall be limited to ten (10) fact witness depositions, not including individuals or entities that provide declarations in support of or in opposition to Plaintiffs' motion for class certification.

   c. **Corporate Depositions:** Unless otherwise agreed by the parties, Plaintiffs may also take one (1) TMC and one (1) TMS deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

   d. Defendants may depose all experts who submit a report in connection with Plaintiffs' Motion for Class Certification and Plaintiffs may depose all experts who submit a report in connection with Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Expert Depositions"). The schedule for Expert Depositions is addressed below.

   e. Consistent with Fed. R. Civ. P. 30(d)(1), the deposition of each native English-speaking deponent shall be limited to seven (7) hours on the record, not to extend beyond one (1) day except by agreement of the Parties, or, if such an agreement cannot be reached, upon motion to the assigned Magistrate Judge establishing that an extension is necessary under Fed. R. Civ. P. 30(d)(1). The deposition of each non-native English-speaking deponent shall be limited to ten (10) total hours on the record, not to extend beyond one (1) day except by agreement of the Parties, or, if such an agreement cannot be reached, upon motion to the assigned

Magistrate Judge establishing that an extension is necessary under Fed. R. Civ. P. 30(d)(1). Notwithstanding the above, the parties shall confer on the need for extra time to provide adequate opportunity for the parties to question witnesses on their respective issues within one deposition session.

f. **Discovery Interrogatories**: The parties agree to the number of interrogatories set forth in the Federal Rules. Both parties shall have sixty (60) days from the time of service to serve responses and objections to individual interrogatories. The parties may serve additional interrogatories by agreement of the parties or, if such agreement cannot be reached, upon motion to the assigned Magistrate Judge establishing good cause for such additional interrogatories. In any such motion the moving party shall attach the additional interrogatories the moving party seeks to serve.

7. **Expert Reports and Discovery**: The parties shall adhere to the following schedule regarding expert discovery related to class certification:

a. Plaintiffs shall serve their opening class certification expert report(s) no later than May 20, 2011;

b. Defendants shall serve their opening class certification expert report(s) no later than June 17, 2011;

c. Plaintiffs shall serve their rebuttal class certification expert report(s) no later than July 8, 2011;

d. The parties shall complete all class certification expert depositions no later than August 19, 2011; and

e. The parties shall file any *Daubert* motion to exclude the testimony of any class certification expert as regularly noticed motions no later than September 16, 2011.

## IX. CLASS CERTIFICATION

Pursuant to the Court's Order during the June 21, 2010 Status Conference, Plaintiffs are excused from the requirement under Local Rule 23-3 that Plaintiffs move for class certification within 90 days of filing their complaint.

    **1.** Plaintiffs shall file their opening brief in support of their Motion for Class Certification no later than thirty (30) days following the Court's written decision on the *Daubert* Motions. If no *Daubert* Motions are filed, Plaintiffs shall file their opening brief in support of their Motion for Class Certification no later than thirty (30) days following the completion of class certification expert depositions. Once Plaintiffs' brief in support of their Motion for Class Certification has been filed, Defendants may notice depositions of Plaintiffs' Declarants on fourteen (14) days notice.

    **2.** Defendants shall file their brief in opposition to Plaintiffs' Motion for Class Certification no later than sixty (60) days following the filing of Plaintiffs' Motion for Class Certification. Once Defendants' brief in opposition to Plaintiffs' Motion for Class Certification has been filed, Plaintiffs may notice depositions of any TMS Declarants on fourteen (14) days notice. Defendants will provide a list of any expected TMC Declarants to Plaintiffs no later than three (3) weeks prior to filing their brief in opposition to Plaintiffs' Motion for Class Certification, at which time any TMC Declarant deposition can be noticed on sixty (60) days notice.

Plaintiffs shall file their reply brief in further support of their Motion for Class Certification no later than forty-five (45) days following the filing of Defendants' brief in opposition to Plaintiffs' Motion for Class Certification.

The parties agree that when filing their motion for certification, Plaintiffs shall coordinate the selection of a hearing date with Defendants. The parties shall select a hearing date that permits sufficient time for all filings and that provides the Court with at least 30 days prior to the hearing to review the parties' filings.

## X. MEDIATION

The parties shall submit this action for mediation no later than 60 days following the Court's written decision on Defendants' Motion to Dismiss. The parties stipulate and agree that the Hon. Judge Tevrizian (Ret.) mediate the dispute between the parties.

## XI. CONTINUANCE OF JULY 30, 2010 STATUS CONFERENCE

Subject to the Court's approval, the parties agree that the status conference scheduled for July 30, 2010 shall be continued until further notice.

Dated: July 29, 2010

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy
Michael M. Goldberg
Marc L. Godino

By: */s/ Marc L. Godino*
    Marc L. Godino
    1801 Avenue of the Stars, Suite 311
    Los Angeles, CA 90067

**Proposed Liasion Counsel for Plaintiffs**

Christopher A. Seeger
SEEGER WEISS LLP
One William Street
New York, NY 10004
(212) 584-0700

Vahn Alexander
FARUQI & FARUQI, LLP
1901 Avenue of the Stars, Second Floor
Los Angeles, CA 90067
(310) 461-1426

Jill S. Abrams
Orin Kurtz
Jeremy Nash
ABBEY SPANIER RODD & ABRAMS LLP

212 East 39th Street
New York, NY 10016
(212) 889-3700

Proposed Co-Lead Counsel for Plaintiffs

Dated: July 29, 2010

LOEB & LOEB LLP
MICHAEL L. MALLOW
KAREN R. THORLAND
RACHEL A. RAPPAPORT
DEREK K. ISHIKAWA

By: /s/ Michael L. Mallow
Michael L. Mallow
Attorneys for Defendants
10100 Santa Monica Blvd.
Los Angeles, CA 90067
(310) 282-2000

Counsel for Defendants TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR NORTH AMERICA and TOYOTA MOTOR CORPORATION